SUMMARY ORDER
Petitioner Juan Rafael Taveras seeks review of an August 29, 2008 final order of the Board of Immigration Appeals (“BIA”), which dismissed his appeal of a *102 June 22, 2007 decision by an Immigration Judge (“IJ”), which in turn denied petitioner’s application for cancellation of removal and ordered him removed from the United States to the Dominican Republic. We assume the parties’ familiarity with the factual and procedural history of the case.
Before this Court, petitioner primarily argues the following four points: (1) that he received “ineffective assistance of counsel” during his removal hearing; (2) that his pre-sentence report was admitted into evidence in violation of “law and due process”; (3) that the IJ violated “law and due process” by failing to grant petitioner’s request for a continuance; and (4) that the IJ’s behavior during the removal hearing, as well as his decision to deny petitioner’s request for a continuance, demonstrated bias in violation of principles of due process and fundamental fairness. We consider each argument in turn.
At the outset we note that petitioner did not raise his first, second, or third claim in his appeal to the BIA, and that the BIA did not address them in its final order. Accordingly, we consider these claims to be unexhausted, and we do not consider them. See Balachova v. Mukasey, 547 F.3d 374, 380 (2d Cir.2008); Lin Zhong v. U.S. Dep’t of Justice, 480 F.3d 104, 121-24 (2d Cir.2007) (finding that while this Court’s issue exhaustion requirement is not jurisdictional, it is mandatory).
With respect to petitioner’s fourth argument, we note that “[t]o establish a violation of due process, an alien must show that she was denied a full and fair opportunity to present her claims or that the IJ or BIA otherwise deprived her of fundamental fairness.” Burger v. Gonzales, 498 F.3d 131, 134 (2d Cir.2007) (internal quotation marks omitted). Upon a review of the record, we conclude that petitioner was not denied a “full and fair opportunity” to make his arguments, nor was he deprived of “fundamental fairness.” Id. In particular, the fact that the IJ expressed his impatience and frustration with petitioner’s counsel for attempting to submit a document into evidence after petitioner’s merits hearing had already taken place does not establish bias such as would affect the “fundamental fairness” of the proceedings. See Francolino v. Kuhlman, 365 F.3d 137, 143-44 (2d Cir.2004) (“[Tjhat ‘expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women ... sometimes display do not establish bias or partiality.”) (quoting Liteky v. United States, 510 U.S. 540, 555-56, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994)). Accordingly, we find petitioner’s claim to be without merit.

CONCLUSION

We reject all of petitioner’s arguments on appeal. Accordingly, the petition for review is DENIED.